# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EVEL JOHN ORTIZ,**

                **Plaintiff,**

-vs-                                                    **Case No. 6:10-cv-678-Orl-GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**

_____

## AMENDED MEMORANDUM OF DECISION[1]

Evel John Ortiz (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Claimant's claim for benefits. *See* Doc. No. 1. Claimant alleges that the Administrative Law Judge (the "ALJ") erred by: 1) offering an "inherently inconsistent" residual functional capacity assessment ("RFC"); 2) failing to obtain the testimony of a vocational expert ("VE") when determining there was other work that Claimant can perform; 3) failing to consider Claimant's back condition in the RFC; 4) relying on testimony from the VE without inquiring whether that testimony conflicted with the Dictionary of Occupational Titles (the "DOT"); and 5) failing to consider the side-effects of Claimant's medications. Doc. No. 21 at 1-15. Claimant requests that the Commissioner's final decision be reversed and remanded for an award of benefits. Doc. No. 21 at 15. For the reasons more fully discussed below, the final decision of the Commissioner is **AFFIRMED**.

---

[1] The Memorandum of Decision is amended solely to reflect that footnote number six has been removed.

## I. BACKGROUND.

On June 7, 2007, Claimant applied for disability benefits alleging an onset of disability as of May 1, 2006, due to manic depressive disorder, high blood pressure, kidney disease, and pain. R. 52, 56, 113-125, 174. Claimant's application was denied initially and upon reconsideration. R. 49-56. On August 19, 2009, a hearing was held before ALJ Gerald Murray. R. 24-48. Claimant and a VE testified at the hearing. R. 24.

At the hearing, the ALJ first received testimony from the VE regarding Claimant's past relevant work. R. 26-29. The VE testified that Claimant's past relevant work includes the following: 1) a motel desk clerk, DOT number 238367038, which is classified by the DOT as being light work, semi-skilled; and 2) a reservations clerk, DOT number 238367038, which is classified by the DOT as sedentary work, semi-skilled. R. 27. Thus, the VE testified that Claimant's past relevant work is semi-skilled. R. 27.[2] After the Claimant testified, the ALJ did not pose any hypothetical questions to VE or inquire of the VE regarding any other work. R. 29-48. Accordingly, the ALJ did not receive any testimony regarding whether there was any other work that exists in the national or regional economy that Claimant could perform.

On September 24, 2009, the ALJ issued a decision finding Claimant not disabled. R. 9-23. The ALJ made the following significant findings:

1. The [C]laimant has not engaged in substantial gainful activity since March 1, 2006, the alleged onset date;

2. The [C]laimant has the following severe impairments: diabetes mellitus and associated fatigue, hypertension, hyperlipidemia, morbid obesity, and bipolar disorder;

---

[2] The VE also testified regarding Claimant's other past relevant work (R. 27-29), but as discussed more fully below, that work is not relevant to this decision.

3. The [C]laimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

4. [T]he [C]laimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) <u>except that the [C]laimant is limited to unskilled or skilled work</u>;

5. The [C]laimant is <u>capable of performing past relevant work as a motel desk clerk</u> (DOT #238.367-038, light, svp 4) <u>and reservation clerk</u> (DOT #238.367-018, sedentary, svp 3). This work does not require the performance of work-related activities precluded by the [C]laimant's [RFC];

6. <u>In the alternative</u>, considering the [C]laimant's age, education, work experience, and [RFC], <u>there are other jobs</u> that exist in significant numbers in the nation economy that the [<u>C]laimant can also perform</u>; and

7. The [C]laimant has not been under a disability, as defined in the Social Security Act, from May 1, 2006 through the date of this decision.

R. 9-23 (emphasis added). Thus, the ALJ determined that Claimant has the RFC to perform light work, except that Claimant is limited to "unskilled or skilled work." R. 14.[3]

At step-four, the ALJ found, based on the VE's testimony, that Claimant's past-relevant work includes a motel desk clerk and a reservation clerk, which the ALJ acknowledged are semi-skilled jobs. R. 21. The ALJ then found that: "[i]n comparing the [C]laimant's [RFC] with the physical and mental demands of this work . . . the [C]laimant is able to perform it as actually and generally performed." R. 21. Thus, the ALJ found that based upon Claimant's RFC, he is capable of performing his past-relevant, semi-skilled work. R. 22.

In the alternative to his decision that the Claimant is capable of performing his past-relevant work, at step-five, the ALJ states:

> Although the [C]laimant is capable of performing past relevant

---

[3] The parties agree that the ALJ's RFC assessment that Claimant is limited to "unskilled or skilled" work is inconsistent, but they disagree as to the result. Doc. Nos. 21 at 8; 22 at 3, 5.

> work, there are other jobs existing in the national economy that he is also able to perform. Therefore, the [ALJ] makes the following alternative findings for step five of the sequential evaluation process. . . .
>
> In determining whether a successful adjustment to other work can be made, the [ALJ] must consider the [C]laimant's [RFC], age, education, and work experience in conjunction with the Medical-Vocational Guidelines. . . . If the [C]laimant can perform all or substantially all of the exertional demands at a given level of exertion, the medical-vocational rules direct a conclusion of either "disabled" or "not disabled" depending upon the [C]laimant's specific vocational profile. When the [C]laimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking unless there is a rule that directs a conclusion of "disabled" without considering the additional exertional and/or nonexertional limitations. If the [C]laimant has solely nonexertional limitations, section 204.00 in the Medical-Vocational Guidelines provides a framework for decision making.
>
> If the [C]laimant had the [RFC] to perform the full range of light work, considering the [C]laimant's age, education, and work experience, a finding of "not disabled" would be directed. . . . However, <u>the additional limitations have little or no effect on the occupational base of unskilled light work</u>. A finding of "not disabled" is therefore appropriate under the framework of this rule.

R. 21-22 (emphasis added). Thus, in the alternative to his finding at step-four that Claimant can perform past-relevant work, the ALJ found at step-five that there was other work that Claimant can perform. More specifically, unskilled light work. R. 21-22. In making this finding, the ALJ relied exclusively on the medical-vocational grids. R. 22. The ALJ noted that if a Claimant has additional exertional or nonexertional impairments, which preclude performance of substantially all the demands of work at a given level, then the medical-vocational guidelines are only used as a framework. R. 22. However, in this case, the ALJ found that Claimant's "additional limitations have little or no effect on the occupation base of <u>unskilled</u> light work." R. 22

-4-

(emphasis added). Therefore, the ALJ determined that it was appropriate to rely exclusively on the grids. R. 22.

Regarding Claimant's allegations of debilitating back and neck pain, in determining Claimant's RFC, the ALJ states:

> The [C]laimant was referred to Florida Orthopedic Associates, P.A., for neck pain, left upper extremity pain and bilateral shoulder pain. The [C]laimant reported that he had numbness and weakness. He rated his pain level at a 6, on a pain scale of 1 to 10. On physical examination the [C]laimant was in some obvious discomfort. Reflexes were hyporeflexive in the bilateral upper and lower extremities. Sensation was intact in the bilateral upper and lower extremities. Motor power was intact in the bilateral upper and lower extremities except for the left upper extremity which finger abduction seemed to show some weakness. Motor was intact. Spurling's maneuver was negative. A MRI was obtained which revealed degenerative disc disease at C4-C5, C5-C6, and C6-C7. A disc osteophyte complex was noted at C3-C4. There was right sided disc osteophyte comlex which was causing some mild spinal cord indentation. There was bilateral foraminal stenosis at C5-C6 and C6-C7. The [C]laimant was diagnosed with cervicalgia, cervical spondylosis, degenerative disc disease of the cervical spine, and cervical spinal stenosis. A treatment plan including a full course of epidural injections was discussed in full with the [C]laimant versus physical therapy in order to obtain stabilization of the cervical spine. <u>The [C]laimant refused treatment suggestions. The [ALJ] can only conclude from the [C]laimant's failure to follow through with treatment recommendations to alleviate his pain, that the symptoms may not have been as serious as has been alleged in connection with this application and appeal</u>.

R. 17 (emphasis added). Thus, in determining Claimant's RFC, the ALJ noted that Claimant complained of neck and back pain, had positive MRI findings, and was diagnosed with cervicalgia, cervical spondylosis, degenerative disc disease, and cervical spinal stenosis, but because Claimant refused all treatment suggestions, the ALJ found that his symptoms from these impairments "may not have been as serious as has been alleged." R. 17.

Regarding Claimant's medications and the side-effects therefrom, the ALJ noted that Claimant testified that he does not want to be on painkillers; his medications cause fatigue, blurred vision, and confusion; and that sometimes the only way to function is by not taking his medications. R. 15. The ALJ also noted that Claimant was currently prescribed Prozac, Wellbutrin, and Seroquel, but treatment records show that Claimant was not compliant with his medications. R. 16. Ultimately, the ALJ found that Claimant's statements regarding the intensity and persistence of his symptoms were not credible to the extent they are inconsistent with the ALJ's RFC. R. 15.

On February 25, 2010, the Appeals Council denied Claimant's request for review of the ALJ's decision. R. 1-5. On April 20, 2010, Claimant appealed the Commissioner's final decision in the District Court. Doc. No. 1.

## II.  THE ISSUES.

As mentioned above, Claimant argues that the ALJ erred by: 1) offering an "inherently inconsistent" RFC (Doc. No. 21 at 7-9); 2) failing to obtain testimony from a VE regarding whether there was other work that Claimant can perform (Doc. No. 21 at 9-10); 3) failing to consider Claimant's back impairments when determining Claimant's RFC (Doc. No. 21 at 10-12); 4) failing to ask the VE whether his testimony conflicted with the DOT (Doc. No. 21 at 13-14); and 5) failing to consider the side-effects of Claimant's medications (Doc. No. 21 at 14-15).[4] As to the first issue, Claimant argues that the ALJ's RFC, specifically his finding that Claimant is limited to "unskilled or skilled" work, is "extremely confusing and notes two very separate and distinct findings." Doc. No. 21 at 8. Claimant argues that the ALJ's later statement that

---

[4] The Court will address only those issues raised by Claimant in this proceeding. *See generally Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) (holding that the Eleventh Circuit will not address issues not raised in the district court).

Claimant's non-exertional limitations have "'little or no effect on the occupational base of unskilled light work'" means that the ALJ actually found that Claimant was limited to only unskilled work throughout the decision. Doc. No. 21 at 8-9. Therefore, because the ALJ found at step-four that Claimant is capable of performing his past-relevant work, which is semi-skilled, Claimant contends that ALJ committed reversible error. Doc. No. 21 at 8-9.

As to the second issue, Claimant asserts that the ALJ erred by relying exclusively on the medical-vocational grids at step-five to determine there was other work Claimant can perform because Claimant has non-exertional limitations which preclude a full range of light work. Doc. No. 21 at 9-10. As to the third issue, Claimant maintains that because the ALJ failed to find Claimant's back impairment a severe impairment at step-two, that the ALJ did not consider it in the ALJ's RFC. Doc. No. 21 at 10. Regarding the fourth issue, Claimant maintains that the ALJ erred at step-four, when determining Claimant could perform his past-relevant work, because he failed to ask the VE whether his testimony regarding that work conflicted with the DOT. Doc. No. 21 at 13-14. Claimant does not allege that there is such a conflict, only that the ALJ erred by failing to inquire if there was one. *Id*. Lastly, Claimant asserts that the ALJ erred by "failing to consider the side effects of the [C]laimant's medications." Doc. No. 21 at 14. Claimant states that "the ALJ does not even note these side effects in his decision." Doc. No. 21 at 15.[5] Accordingly, Claimant requests reversal for an award of benefits or, alternatively, the case be remanded for further proceedings. *Id*.

The Commissioner acknowledges that the ALJ's RFC, limiting Claimant to "unskilled or skilled" light work is inconsistent. Doc. No. 22 at 5. However, the Commissioner asserts that

---

[5] Additionally, Claimant maintains that the ALJ erred by failing to pose questions to the VE concerning the side-effects of Claimant's medications on his ability to work. Doc. No. 21 at 15.

the RFC as written is a drafting error, and it is apparent from the decision that the ALJ intended to limit Claimant to unskilled or semi-skilled work. *Id.* The Commissioner maintains that the ALJ's finding at step-four, that Claimant is capable of performing his past-relevant semi-skilled work, supports the conclusion that the ALJ's RFC merely contains a drafting error. Doc. No. 22 at 6. The Commissioner contends that the error is harmless and remand would be an empty exercise. *Id.* at 7. The Commissioner also argues that Claimant's suggestion that the ALJ actually intended to limit Claimant to only unskilled work due to his findings at step-five regarding other work that Claimant can perform ignores the fact that the ALJ's finding at step-five was an alternative finding. Doc. No. 22 at 7. Thus, the Commissioner maintains that the ALJ's finding at step-five also supports the Commissioner's contention that the RFC should have been for unskilled and semi-skilled work. Doc. No. 22 at 7-8.

As to the remaining issues, the Commissioner asserts that ALJ properly relied on the VE's testimony at step-four, considered Claimant's back impairments at step-two and in determining Claimant's RFC, relied on the grids at step-five, and considered the side-effects of Claimant's medications. Doc. No. 22 at 8-15. Thus, the Commissioner requests the Court affirm the final decision. Doc. No. 22 at 15.

### III.    LEGAL STANDARDS.

#### A.    THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274, 1278

(11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B. THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.

*Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

V.   **ANALYSIS.**

   A.   RFC Finding is Harmless Error.

The ALJ found that Claimant retains the RFC for light work except that he is further limited to "unskilled or skilled" work. R. 14. All parties agree that the ALJ's statement is inconsistent, but the parties disagree as to the result that should follow. Claimant implicitly acknowledges the ALJ's statement that Claimant could perform "skilled" work does not make sense and assigns no meaning to the word by arguing that the ALJ apparently meant to find Claimant could only perform unskilled work. *Id*. In so doing, Claimant maintains the ALJ's RFC finding is entirely inconsistent with the remainder of the ALJ's opinion, which finds Claimant's past-relevant work was semi-skilled work and Claimant could perform that work. Thus, Claimant argues that it prevents the Court from determining whether the final decision is supported by substantial evidence. Doc. No. 21 at 7-9.

The Commissioner acknowledges the ALJ's reference to "skilled" light work in the

ALJ's RFC finding is a mistake, but maintains it constitutes a typographical error and from the remainder of the ALJ's decision it is clear the ALJ found Claimant is limited to unskilled or semi-skilled work. Doc. No. 22 at 5-6. The Commissioner further maintains that the ALJ's misstatement is harmless error. *Id.*

The Court finds the Commissioner's argument persuasive for three primary reasons. First, reviewing the ALJ's entire decision, it is clear that the ALJ found that Claimant is limited to unskilled or semi-skilled work because if Claimant could in fact perform skilled light work, then Claimant could perform a full range of light work and there would be no additional limitations. Furthermore, under the Social Security Act, jobs are classified only as unskilled, semi-skilled, or skilled. 20 C.F.R. §§ 404.1568, 416.968. All parties agree that the ALJ's statement that Claimant could perform skilled work is not accurate. Therefore, semi-skilled work is the only other work classification available.

Second, the VE testified that Claimant's past-relevant work is semi-skilled. R. 27. In his decision, the ALJ specifically referred to the VE's testimony, noted that Claimant's past-relevant work is semi-skilled, and found that based on his RFC, Claimant is capable of performing that work. R. 21 ("This work does not require the performance of work-related activities precluded by the [C]laimant's [RFC]."). Immediately thereafter, at step-five, based on the medical-vocational grids, the ALJ made an alternative finding that Claimant is capable of performing other light work. R. 21-22. More specifically, the ALJ found that Claimant can perform unskilled light work. R. 22.[6] Thus, at step-four, the ALJ found that Claimant's RFC allowed him to perform light, semi-skilled work, and at step-five, the ALJ found that Claimant can

---

[6] Claimant argues that this finding supports his position that the ALJ's RFC limited Claimant to only unskilled work. To the contrary, if the earlier RFC finding was that Claimant could only perform unskilled work, then such a finding at step-five would not be an alternative finding, it would be simply the same finding. Doc. No. 21 at 8-9.

perform a full range of unskilled light work. R. 21-22. Therefore, although the ALJ misstated his finding, it is clear that the ALJ found Claimant is limited to unskilled or semi-skilled work.

Third, the Court finds that the ALJ's drafting error is harmless error. The Eleventh Circuit has stated that "when an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." *Mills v. Astrue*, 226 Fed.Appx. 926, 931-32 (11th Cir. 2007) (unpublished) (citing *Diorio v. Heckler*, 721 F.3d 726, 728 (11th Cir. 1983) (finding that ALJ's mischaracterization of past work was harmless error, because there was no severe impairment found)). In this case, from the ALJ's opinion it is clear that the ALJ simply made a drafting or typographical error in determining Claimant's RFC. This error does not contradict the ALJ's ultimate findings and a remand to correct the error would be an empty exercise. *See Fisher v. Bowen*, 869 F.2d 1055, 2068 (7th Cir. 1989) ("No principal of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is some reasons to believe that the remand might led to a different result.").

      B.      Whether the ALJ Erred By Relying on the Grids at Step-Five.

Claimant argues that the ALJ erred at step-five by relying exclusively on the medical-vocational grids because, based on the ALJ's RFC, Claimant is not capable of performing a full range of light work. Doc. No. 21 at 9-10. Because the ALJ found that Claimant is capable of performing his past-relevant work at step-four, there is no reason for the Court to analyze whether the ALJ erred in his alternative finding at step-five. *See Lucas v. Sullivan*, 918 F.2d 1567, 1573, n. 2 (11th Cir. 1990) ("[B]ecause the ALJ concluded that [the claimant] is capable of performing her past relevant work [at step-four], testimony from a vocational expert was not

necessary.").

        C.     ALJ Considered Claimant's Back Impairment At RFC.

Claimant argues that the ALJ did not consider Claimant's back impairment in determining Claimant's RFC. Doc. No. 21 at 10-12 ("[T]he ALJ does not indicate how this condition affects the [C]laimant's residual functional capacity."). As set forth above, in determining Claimant's RFC, the ALJ thoroughly reviews Claimant's allegations and the medical evidence regarding Claimant's back condition. R. 17. The ALJ ultimately finds Claimant's allegations regarding the intensity, persistence, and limiting effects of his overall symptoms not credible to the extent they conflict with the ALJ's RFC. R. 15. The ALJ also specifically rejects the intensity of Claimant's symptoms regarding his back impairment based on Claimant's failure to follow through with the treatment recommendations to alleviate his pain. R. 17. Thus, the Claimant's argument that the ALJ failed to consider Claimant's back impairment when determining RFC is without merit.

        D.     DOT Conflict.

Claimant maintains that the ALJ erred, at step-four, by failing to ask the VE whether there was any conflict in testimony regarding the requirements of Claimant's past-relevant work and the DOT. Doc. No. 21 at 13-14. Although Social Security Rulings 00-4p requires an ALJ to "elicit a reasonable explanation" for any "apparent unresolved conflict" between the testimony of the VE and the DOT, this agency ruling is not binding on the court. *See Miller v. Commissioner of Social Security*, 246 Fed.Appx. 660, 662 (11th Cir. 2007). Further, the ALJ is not required to resolve a conflict that is not identified at the hearing and, is not otherwise apparent. *See Kelley v.*

*Astrue*, 2009 WL 2731341 at *7 (M.D. Fla. Aug. 26, 2009); *Brijbag v. Astrue*, 2008 WL 276038 (M.D. Fla. Jan. 31, 2008).

In this case, not only did the Claimant fail to raise any issue of conflict at the hearing or suggest here that a conflict actually exists, a review of the hearing transcript clearly reveals that the VE testified as to Claimant's past-relevant work <u>as classified by the DOT</u>. R. 27. Thus, no actual conflict between the DOT and the VE's testimony is apparent. Accordingly, the Court finds the Claimant's argument that it was reversible error for the ALJ not to inquire about any conflict between the VE's testimony and the DOT to be without merit.

E.  Side-Effects of Medication.

The Claimant asserts the ALJ erred by "failing to consider the side-effects of the [C]laimant's medications." Doc. No. 21 at 14. Moreover, after noting that Claimant complained at the hearing of suffering side-effects of drowsiness and fatigue, Claimant argues that "the ALJ does not even note these side effects in the decision." Doc. No. 14-15. Claimant's argument is factually inaccurate.

As set forth above, the ALJ specifically states in his decision that the Claimant testified that he does not want to be on painkillers; his medications cause fatigue, blurred vision, and confusion, and sometimes the only way for him to function is by not taking the medications. R. 15. The ALJ also notes that Claimant was taking Prozac, Wellbutrin, and Seroquel, but that the medical record reveals that Claimant was non-compliant with his medications. R. 16. Ultimately, the ALJ found Claimant's testimony not credible to the extent that it is inconsistent with the ALJ's RFC.[7] Accordingly, the ALJ specifically noted the Claimant's alleged side-

---

[7] Claimant has not raised any issue with the ALJ's credibility determination on appeal. Doc. No. 21.

effects in his decision, considered them, and found them not credible.

## IV. CONCLUSION.

Based on the forgoing, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk to enter judgment in favor of the Commissioner and to close the case.

**DONE and ORDERED** in Orlando, Florida on February 23, 2012.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL   32974

John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida          33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia          30303-8920

The Honorable Gerald F. Murray
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building, #400
8880 Freedom Crossing
Jacksonville, Florida 32256-1224